UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| HELIFLITE SHARES, LLC,<br><br>Plaintiff,<br><br>-against-<br><br>TOWN OF EAST HAMPTON, TOWN BOARD OF THE TOWN OF EAST HAMPTON, and KATHEE BURKE-GONZALEZ in her official capacity as East Hampton Town Supervisor,<br><br>Defendants. | : | Civil Action No. 26-cv-6936 |

## ORDER TO SHOW CAUSE

Upon the accompanying Complaint, the Declaration of Kurt Carlson ("HeliFlite Decl.") and the exhibits attached thereto, the Declaration of Randy M. Mastro and the exhibits attached thereto ("Mastro Decl."), the accompanying Memorandum of Law, and all prior proceedings had herein, it is hereby:

ORDERED that Defendants Town of East Hampton, Town Board of the Town of East Hampton, and Kathee Burke-Gonzalez in her official capacity as East Hampton Town Supervisor (collectively, "Defendants") show cause before the Honorable ______________________________, United States District Judge for the Eastern District of New York, at the United States Courthouse, ______________________________________, on the _________ day of _________, 2026, at _________, or as soon thereafter as counsel may be heard, why an order should not be entered pursuant to Federal Rule of Civil Procedure 65:

1. Preliminarily enjoining Defendants, their officers, agents, employees, attorneys, and other persons properly bound under Federal Rule of Civil Procedure 65(d)(2), pending disposition of this action or further order of the Court, from:

(a) taking any action that would alter HeliFlite's existing operations or cause the removal of HeliFlite, its personnel, aircraft, equipment, or other property from the Executive Terminal at 50 Industrial Road, Wainscott, New York (the "Executive Terminal"), or its associated ramp (the "Executive Ramp");

(b) closing, decommissioning, demolishing, or repurposing the Executive Terminal or Executive Ramp so as to prevent HeliFlite's existing operations; blocking HeliFlite's established access to those facilities; or terminating its existing parking, passenger-handling, and actual after-hours ground-handling access and arrangements at those facilities; and

(c) enforcing East Hampton Town Code § 75-12 by requiring engine shutdown for passenger enplaning and deplaning by HeliFlite's Stage 2 helicopters following closure of the Executive Terminal and Executive Ramp, without compliance with 49 U.S.C. § 47524(b) and 14 C.F.R. Part 161, Subpart C, including the requirement that the prescribed notice and analysis be completed at least 180 days before the restriction takes effect. This restraint does not override applicable FAA safety requirements; and

2. granting such other and further relief as the Court deems just and proper; and it is further

SUFFICIENT CAUSE APPEARING THEREFOR, LET service of a copy of this Order to Show Cause, together with the papers upon which it is based, be made upon Defendants by

electronic mail and by filing on the Court's Electronic Case Filing ("ECF") system on or before __________, 2026, and such service shall be deemed good and sufficient service; and it is further

ORDERED that answering papers, if any, shall be served so as to be received by counsel for Plaintiff no later than __________, 2026; and it is further

ORDERED that reply papers, if any, shall be served so as to be received by counsel for Defendants no later than __________, 2026; and it is further

ORDERED that, pending the hearing and determination of this Order to Show Cause, Defendants, their officers, agents, employees, attorneys, and other persons properly bound under Federal Rule of Civil Procedure 65(d)(2), shall maintain the *status quo* for HeliFlite's existing operations at East Hampton Airport and are temporarily restrained from taking any action that would alter HeliFlite's existing operations or cause the removal of HeliFlite, its personnel, aircraft, equipment, or other property from the Executive Terminal or Executive Ramp; and it is further

ORDERED that a copy of this Order to Show Cause, together with the papers upon which it is based, shall also be served by email and overnight post upon the Sheriff of Suffolk County on or before __________, 2026; and it is further

ORDERED that this temporary restraining order shall remain in effect pending the hearing and determination of this Order to Show Cause, but no later than __________, 2026, at __________, unless extended as authorized by Federal Rule of Civil Procedure 65 or superseded by a further order of this Court.

SO ORDERED.

Dated: Central Islip, New York
October __, 2026

______________________________
United States District Judge